IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RAYMOND ZACHARY BATES                                                              PLAINTIFF

v.                            Civil No. 2:15-cv-2126-PKH-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                     DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Raymond Bates, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his applications for DIB and SSI on January 22, 2013, alleging an onset date of November 10, 2012, due to depression, anxiety, bipolar disorder, and post-traumatic stress disorder ("PTSD"). (Tr. 193, 207-208, 240) The Commissioner denied his application initially and on reconsideration. At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on November 27, 2013. (Tr. 22-45). Plaintiff was present and represented by counsel, Susan Brockett.

At the time of the hearing, Plaintiff was 33 years old and possessed a high school education and two years of college credit. (Tr. 15, 27, 194) He had past relevant work ("PRW") experience as a computer help desk/tech support worker, mental health caseworker, computer support

technician, grocery checker/ cashier, grocery store clerk, general office clerk, and support analyst. (Tr. 29,-32, 40, 194, 199-206)

On March 21, 2014, the ALJ concluded that the Plaintiff's bipolar disorder and PTSD were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 11-13) He concluded that the Plaintiff could perform work at all exertional levels but with the following non-exertional limitations: work consists of simple tasks with simple instructions and little contact with the public. (Tr. 13-15) With the assistance of a vocational expert, the ALJ found the Plaintiff could perform work as a screwdriver operator, extrusion press operator, and routing clerk/router. (Tr. 16-17)

The Appeals Council denied the Plaintiff's request for review on May 12, 2015. (Tr. 1-3) Subsequently, Plaintiff filed this action. (ECF No. 1) This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 13)

## II. **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In

other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**III.     Discussion:**

Of great concern to the undersigned is the ALJ's treatment of the medical source statements prepared by Plaintiff's treating sources. Under the social security regulations, the commissioner will generally give a treating physician's opinion on the issue(s) of the nature and severity of a claimant's impairment(s) "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2); *see also Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014).

In the present case, the ALJ dismissed the medical source statement of Dr. Fayz Hudefi, Plaintiff's treating psychiatrist. Records reveal that the Plaintiff has been treated for bipolar II disorder and PTSD at Vista Health since 2012. We note that these are two very different mental disorders. Bipolar disorder stems from a chemical imbalance in the brain, while PTSD is a response to a traumatic event. In the present case, the traumatic event was Plaintiff finding his father dead of a self-inflicted gunshot wound. As a result, he suffers from both intrusive thoughts and flashbacks.

Plaintiff's treating psychiatrist, Dr. Hudefi, had been treating Plaintiff since at least November 2012. (Tr. 261, 279-283) The ALJ dismissed Dr. Hudefi's assessment, alleging it was not supported by the overall medical record. He further discredited Dr. Hudefi's treatment records, stating that he treated the Plaintiff once every two months for only 20 minutes. However, he failed to point out any evidence that is contrary to the doctor's assessment, aside from the one-time mental consultative exam conducted by Dr. Terry Efird. (Tr. 264-267) And, we note Dr. Efird's exam does not include a mental RFC assessment.

4

After reviewing the medical evidence, it appears that the Plaintiff's response to treatment has been inconsistent, at best. In November 2012, he seemed to be responding fairly well to Prozac, Zyprexa, Xanax, and Lamictal. (Tr. 261) However, later that month, he became more depressed and began reporting panic attacks. (Tr. 260) Although prescribed an increased dosage of Prozac and Xanax, progress notes from Dr. Hudefi dated December 13, 2012, reveal only a mild response to medication. (Tr. 259) He specifically stated "not enough improvement to go back to work." (Tr. 259) In January 2013, Dr. Hudefi discontinued Zyprexa, prescribing Effexor SR and Abilify. (Tr. 271) By February 20, 2013, Plaintiff's condition showed moderate improvement, and in April, Dr. Hudefi noted a good response to intervention with no recent flashbacks. (Tr. 270, 271, 288) However, intrusive thoughts continued to plague the Plaintiff. Plaintiff's condition again deteriorated in June 2013, with Dr. Hudefi assessing only mild response to Abilify, Effexor SR, Klonopin, and Lamictal. (Tr. 287) And, records dated September 2013 reveal poor response to treatment. (Tr. 286)

On June 13, 2013, Dr. Hudefi completed a medical source statement, assessing some significant limitations with regard to attention, concentration, and persistence; getting along with co-workers and peers; working in coordination with or proximity to others; and, completing an 8-hour workday without interruptions from psychologically based symptoms. Given Plaintiff's variable response to treatment, however, we do not find inconsistencies in the record that necessarily undermine Dr. Hudefi's assessment. Accordingly, we find that remand is necessary to allow the ALJ to reconsider Dr. Hudefi's medical source statement. Because Dr. Hudefi's statement is not in the format traditionally utilized by the administration, on remand, the ALJ should recontact Dr. Hudefi and have him complete a formal RFC assessment.

Likewise, we believe remand is necessary to allow the ALJ to reconsider counselor, Nick Keeter's, medical source statement. Mr. Keeter assessed significant limitations performing activities within a schedule, sustaining an ordinary routine, making simple work-related decisions, completing a normal workday and workweek without interruption from his impairments, interacting with the general public, getting along with co-workers and peers, maintaining socially appropriate behavior, working in proximity to others, accepting instructions and responding appropriately to criticism, responding appropriately to changes in work setting, and asking simple questions or requesting assistance. The ALJ dismissed Mr. Keeter's statement, finding him not to be an acceptable source. While we agree that only acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment, provide medical opinions, and be considered treating sources, *see* 20 C.F.R. §§ 404.1527(a)(2), (d) and 416.927(a)(2), (d) (2007), other sources, including counselors may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function. *See* 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); *see also* SSR 06–3p. Because the ALJ dismissed Mr. Keeter's assessment without even considering it, remand is necessary to allow the ALJ to properly consider this assessment.

Unfortunately, the record does not appear to contain treatment notes documenting Mr. Keeter's treatment of Plaintiff.[1] Without these records, it is impossible for the ALJ to determine whether the overall record supports or discredits Mr. Keeter's assessment. Therefore, on remand, the ALJ is also directed to obtain all treatment records from Mr. Keeter dated between Plaintiff's alleged onset date and the date of the ALJ's decision.

---

[1] The medical records obtained from Vista Health are all entitled "Physician Progress Note," and contain the same, illegible signature, which the Plaintiff alleges to be that of Dr. Hudefi.

## IV.     Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE